UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DIRECTV, INC., a California corporation,

        Plaintiff,

   v.

GURDEV ATWAL, et al.,

        Defendants.

NO. CIV. S-03-2499 WBS DAD

MEMORANDUM AND ORDER
RE: MOTION FOR ATTORNEYS' FEES

----oo0oo----

Plaintiff moves to recover attorneys' fees incurred to obtain a judgment against defendant Brian Bruguier for violation of 18 U.S.C. § 2511(1)(a)(unauthorized interception of electronic communications) and 47 U.S.C. § 605(a)(unauthorized reception of satellite signals).

I.   Factual and Procedural Background

On or about December 1, 2003, DirecTV filed this action against, among others, Mr. Bruguier for violation of 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(a).  Mr. Bruguier was properly served with a summons and plaintiff's complaint on or about April 5, 2004.  (See Proof of Service of Summons & Compl. & Related

1

Docs. as to Def. Brian Bruguier).  However, Mr. Bruguier failed to appear in this action and did not respond to plaintiff's complaint within the time permitted by law.  Consequently, plaintiff sought entry of Bruguier's default, which was entered by the court on July 15, 2004.

Thereafter, plaintiff filed a motion for default judgment against Mr. Bruguier on August 18, 2004.  The magistrate judge assigned to this case issued findings and recommendations as to plaintiff's motion for default judgment on February 8, 2005.  This court adopted in part those findings and recommendations and issued an order on March 22, 2005, granting plaintiff's motion in part and denying it in part.

Relevant to this motion, the court ordered that (1) judgment be entered against Mr. Bruguier on plaintiff's claims under 18 U.S.C. §2511(1)(a) and 47 U.S.C. § 605(a); (2) no damages be awarded for Mr. Bruguier's violation of 18 U.S.C. §2511(1)(a); (3) that $1,000 in damages be awarded plaintiff for Mr. Bruguier's violation of 47 U.S.C. § 605(a); and (4) there be no award for plaintiff's reasonable attorneys' fees and costs at the time of the order.  (Order Adopting In Part Magistrate Judge's Findings & Recommendations, entered March 22, 2005 ("March 22, 2005 order") at 2).

On April 21, 2005, plaintiff filed this motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-293.[1]

---

[1] The Magistrate Judge's Findings and Recommendations included an order directing plaintiff's counsel to "set forth in writing plaintiff's full costs, including reasonable attorneys'

2

II. <u>Discussion</u>

Considering the history of this litigation, it is not surprising that Mr. Bruguier has failed to oppose this motion. An unopposed motion may be granted where the movant's papers are sufficient to support the motion on their face. <u>See</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993)(granting unopposed motion for summary judgment). Plaintiff's papers meet this standard. However, in awarding attorneys' fees, the court is bound to evaluate the reasonableness of those fees. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983).

Plaintiff obtained a default judgment as to its claims against Mr. Bruguier under 18 U.S.C. § 2511(1)(a) and 47 U.S.C. §

---

fees . . . by way of a declaration to be filed within ten (10) days after being served with the[] findings and recommendations." (<u>See</u> Magistrate Judge's Findings and Recommendations dated February 8, 2005 at 10 n1). The findings and recommendations were issued on February 8, 2005. Had that part of the order been adopted by this court, plaintiff would have been required to submit the requisite declaration shortly after February 18, 2005, depending on when plaintiff received service.

However, this court's March 22, 2005 order only adopted the Magistrate Judge's findings and recommendations <u>in part</u>. (March 22, 2005 order at 2). The order made clear that no award for plaintiff's reasonable attorneys' fees and costs was made at the time because counsel had "fail[ed] to set forth in writing plaintiff's full expenses as directed by the magistrate judge." (<u>Id.</u> at 1). The court did not, however, set a specific date for plaintiff to submit a declaration setting forth his attorneys' fees and costs. (<u>Id.</u>). Therefore, plaintiff was obligated to look to the Local Rules for guidance about filing a motion for attorneys' fees. (<u>See</u> Local Rule 1-100(d)(noting general applicability of Local Rules in civil cases in this district)). Plaintiff evidently did so.

Local Rule 54-293 permits a prevailing party to file a motion for attorneys' fees up to 30 days after entry of final judgment. Final judgment was entered against Mr. Bruguier on March 22, 2005. Plaintiff submitted this motion along with an accompanying declaration and billing statements to establish its attorneys' fees on April 21, 2005, exactly 30 days after entry of final judgment. Therefore, this motion is timely.

3

605(a). Plaintiff has correctly cited 18 U.S.C. § 2520(b)(3) and 47 U.S.C. § 605(e)(3)(iii) for the proposition that it is entitled to recover reasonable attorneys' fees expended in bringing its claims against Mr. Bruguier. See 18 U.S.C. § 2520(b)(3)(authorizing recovery of reasonable attorneys' fees incurred to establish a violation of 18 U.S.C. § 2511); 47 U.S.C. § 605(e)(B)(3)(iii)(mandating award of reasonable attorneys' fees to party establishing a violation of 47 U.S.C. § 605(a) upon proper motion). Therefore, the court will award plaintiff its reasonable attorneys' fees.

    A.    <u>Lodestar Calculation</u>

The court determines the amount of attorneys' fees to award by using the lodestar calculation - the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley</u>, 461 U.S. at 433. There is a strong presumption that the lodestar amount is reasonable. <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). However, the court may adjust the lodestar figure if various factors overcome the presumption of reasonableness. <u>Hensley</u>, 461 U.S. at 433-34.[2]

---

[2] The court may adjust the lodestar figure on the basis of the <u>Kerr</u> factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the

4

1           i.   <u>Hours Reasonably Expended</u>

2           Plaintiff has submitted a declaration and accompanying 3 billing statements itemizing the time its counsel spent on this 4 matter.  Plaintiff seeks to recover $2,805.90 in attorneys' fees 5 incurred to obtain a default judgment against Mr. Bruguier and an 6 additional $1,180 in fees incurred to prepare this motion and 7 plaintiff's bill of costs.[3]  Plaintiff also anticipates incurring 8 another $645 in attorneys' fees to have its counsel prepare for 9 and defend this motion.  This brings the total fees sought to 10 $4,630.90.

11           Because Mr. Bruguier has failed to respond to 12 plaintiff's motion, oral argument will not be necessary to decide 13 the motion.  Therefore, the court will disallow the $645 14 plaintiff anticipated incurring to prepare for and defend the 15 motion.  Having reviewed the declaration and billing sheets 16 submitted with plaintiff's motion, the court determines that all 17 the other hours actually expended by plaintiff's counsel were 18 reasonable.  Therefore, the court will credit plaintiff for all 19 the other hours charged by its attorneys.

---

case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Morales</u>, 96 F.3d at 363 n.8. (citing <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)). Many of the <u>Kerr</u> factors have been subsumed in the lodestar approach. <u>Id.</u> (citing <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 487 (9th Cir. 1988)).  Moreover, the court should consider the factors established by <u>Kerr</u>, but need not discuss each factor. <u>Sapper v. Lenco Blade, Inc.</u>, 704 F.2d 1069, 1073 (9th Cir. 1983).

[3]   Attorneys' fees incurred to prepare a bill of costs are recoverable along with other attorneys' fees. <u>Carr v. Fort Morgan Sch. Dist.</u>, 4 F.Supp.2d 998, 1004 (D. Colo. 1998).

5

1           ii.  <u>Reasonable Hourly Rate</u>

2           To determine the reasonableness of hourly rates claimed, the court looks to the prevailing market rates in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984); <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The relevant community is generally the forum in which the district court sits as opposed to where counsel is located. <u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997). Judges in this district have consistently found $250 per hour to be a reasonable rate for an experienced attorney working in this community. <u>See</u>, e.g., <u>Hooper v. Calny, Inc.</u>, CIV. S-03-0167 DFL GGH (E.D. Cal. Mar. 22, 2005); <u>Hiram C. v. Manteca Unified Sch. Dist.</u>, CIV. S-03-2568 WBS KJM (E.D. Cal. Nov. 5, 2004).

           The rates charged by plaintiff's counsel are, for the most part, lower than the prevailing rate in this district. However, plaintiff seeks to recover fees for .8 hours of work performed by Keli N. Osaki billed at a rate of $300 per hour and another 2.4 hours of work performed by Suzanne M. Burke billed at a rate of $325 per hour. (<u>See</u> Decl. of Brandon Q. Tran in Supp. of Pl.'s Mot. for Attys' Fees Against Def. Brian Bruguier, Ex. B (billing statements)). Because these rates are significantly higher than the prevailing rate in this district, the court will award attorneys' fees for these 3.2 hours of work at a rate of only $250 per hour. This reduces plaintiff's requested attorneys' fees award by another $220, for a total of $3,765.90.

           The court finds that no adjustment to the lodestar

figure is necessary.

IT IS THEREFORE ORDERED that plaintiff's motion for attorneys' fees be, and the same hereby is, GRANTED in the amount of **$3,765.90**.

DATED: June 8, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE